HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS MCCARTHY; PHAN NGUYEN; ELIZABETH RIVERA GOLDSTEIN; LEAH COAKLEY; PATRICK EDELBACHER; and CHARLES BEVIS,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES BARRETT; HANNAH HEILMAN; ALAN ROBERTS; TODD KITSELMAN; BARRY PARIS; THOMAS STRICKLAND; MICHAEL MILLER; ROBERT SHEEHAN; DONALD RAMSDELL; and CITY OF TACOMA (TPD),<br><br>Defendants. | Case No. 3:09-cv-5120-RBL<br><br>ORDER DENYING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER [Dkt. # 28] |

THIS MATTER comes before the Court upon Defendants' Motion for a Protective Order regarding depositions under Federal Rule of Civil Procedure 30(b)(6). Dkt. #28. Specifically, Defendants move the Court to issue a protective order (1) relieving Defendants from designating a deponent to testify about the nature and type of training received by officers in the Tacoma Police Department responsible for responding to political demonstrations or civil actions, (2) prohibiting Plaintiffs from noting, without leave of the court, two separate depositions for individually named Defendants who are also designated as FRCP 30(b)(6) deponents, and (3) prohibiting Plaintiffs from asking lay witnesses or Defendants from providing testimony legal in nature. The Court having considered all materials submitted for and against said motion, it is hereby

**ORDERED:**

1.  The defendants' Motion for a Protective Order is **DENIED.**

2.  Defendants are required to designate a deponent under FRCP 30(b)(6) to answer questions regarding the nature and type of training received by officers in the Tacoma Police Department responsible for responding to political demonstrations or other situations analogous to the protest at issue in this case. Plaintiffs claim the Defendants' response to Plaintiffs' protest interfered with a lawful demonstration in violation of the plaintiffs' rights under the First Amendment to the United States Constitution.  Plaintiffs argue that intent to inhibit speech is an element of their claim, and facts relating to police officer training and supervision may be relevant to whether Defendants intended to chill Plaintiffs' political expression. Plaintiffs are correct. *See Mendocino Envtl. Ctr. V. Mendocino City*, 192 F.3d 1283, 1300-01 (9th Cir. 1999); *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986).  Plaintiffs may depose a Tacoma Police Department representative under FRCP 30(b)(6) about police officer training for political demonstrations or situations analogous to the protest in question in the present case.

3.  Plaintiffs may note, without leave of the court, an FRCP 30(b)(6) deposition of individuals who have (or will have) been deposed in their individual capacities. Both parties assert that some individually named Defendants may be named as a deponent organization's representative under FRCP 30(b)(6).  Both parties also assert a belief that such individuals can be deposed, both in their individual and representative capacities, in one day.  This court expects counsel for both sides to work together to ensure this belief is realized.  If more than one day is required to complete both depositions for any one individual, Plaintiffs' counsel shall consult defense counsel and note a second day to complete the FRCP 30(b)(6) deposition.

4.  Plaintiffs' counsel shall clearly distinguish when a deponent's individual deposition ends and when his or her representative deposition under FRCP 30(b)(6) begins.  If a second day of depositions is required to complete the FRCP 30(b)(6) deposition, only inquiries relevant to the organization may be made. If Plaintiffs desire to ask questions regarding the representative's individual capacity during day two of such

1  an FRCP 30(b)(6) deposition, Plaintiffs shall seek leave of the court.  FRCP 30(a)(2)(A)(ii).

2      5.    Plaintiffs are permitted to ask deponents about facts and personal judgments employed in making decisions related to this case, such as adopting the "no bag rule" and conducting searches or seizures. Such questions may involve police officers' understanding of legal rules and application of those rules. This ruling shall not be construed as permitting Plaintiffs access to information protected by privilege. This court shall rule on Defendants' good faith objections to Plaintiffs' specific deposition questions at a later date, if necessary.

    6.    All of the above applies not only to depositions but also to any other discovery request into these matters, including but not limited to, interrogatories and requests for production.

DATED this 28TH day of October, 2010.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE