1
2
3
4
5
6
7

HONORABLE RONALD B. LEIGHTON

8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10
11
12
13
14

THOMAS MCCARTHY; PHAN NGUYEN; ELIZABETH RIVIERA GOLDSTEIN; LEAH COAKLEY; PATRICK EDELBACHER; and CHARLES BEVIS,

Plaintiff,

v.

Case No. C09-5120 RBL

ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION FOR A PROTECTIVE ORDER [Dkt. #35]

15
16
17
18

JAMES BARRETT; HANNAH HEILMAN; ALAN ROBERTS; TODD KITSELMAN; BARRY PARIS; THOMAS STRICKLAND; MICHAEL MILLER; ROBERT SHEEHAN; DONALD RAMSDELL; and CITY OF TACOMA (TPD),

Defendants.

19
20
21 THIS MATTER is before the Court on Defendants' Motion for a Protective Order. Dkt. #35.
22 Defendants ask the Court to issue a protective order (1) limiting the scope of production of records pertaining
23 to Plaintiffs (Request for Production 15), and (2) relieving Defendants from producing documents relating
24 to protests at the Port of Tacoma in 2008 and 2009 (RFP 47).  The Court, having considered all materials
25 submitted for and against said motion, hereby **ORDERS:**
26     1. The Defendants' Motion for a Protective Order is DENIED in part and GRANTED in part.
27     2. **RFP 15:** Federal Rule 26(b) allows discovery of non-privileged material likely "to lead to the
28 discovery of admissible evidence." F.R.C.P. 26(b)(1).  The evidence is not necessarily admissible at trial,

but it is discoverable when relevant. F.R.C.P. 26(b). Plaintiffs seek production of:

> all documents, memoranda, call-logs, recordings (audio or video), and police reports of any detentions, surveillance, arrests or information gathering activities related to any of the Plaintiffs that took place (1) in the five years prior to the Stryker Protest, or (2) has taken place since the Stryker Protest.

Dkt #35 at 3.

Plaintiffs have asserted First Amendment claims, alleging that police restrictions during anti-war protests attended by Plaintiffs chilled their participation in such activities and violated their First Amendment rights. Dkt. #42 at 3. Plaintiffs also assert claims under the Washington State Constitution regarding surveillance. Plaintiffs seek discovery relevant to whether Defendants' actions in preparation of and response to the protests violated their constitutional rights. *Id.* Defendants argue that this request is unreasonable, unduly burdensome, and oppressive. Dkt. #35 at 7. The discovery requested by Plaintiffs goes to the heart of the alleged surveillance conducted by Defendants and the scope of that surveillance, which may or may not have chilled Plaintiffs' speech. The requested discovery is relevant.

Plaintiffs are entitled to the requested information from RFP 15, but the scope of discovery will be limited to two years preceding the protest, from 2005-2007, rather than Plaintiffs' requested five years. Defendants' argument that producing the noted items of discovery would be unduly burdensome is not well-taken. The requested documents are within the scope of discovery and Defendants have a duty to produce such items. *See* F.R.C.P. 34. Defendants' motion to limit the scope of discovery for RFP 15 is granted only as to the dates. Defendants must produce all information requested from 2005-2007.

3. **RFP 47:** Plaintiffs also request all documents relating to the 2008 and 2009 Stryker Protests held at the Port of Tacoma. Dkt. #35 at 3. Plaintiffs argue that since the surveillance of Plaintiffs was more extensive after the March 2007 protest from which their claim arises, the information is relevant. Dkt. #42 at 10. Plaintiffs also argue that the effect of the surveillance had a chilling effect on Plaintiffs, as some Plaintiffs chose not to participate in the 2008 and 2009 protests because of Defendants' prior actions. *Id.* Defendants argue that documents relating to 2008 and 2009 are not relevant because no claim has been asserted regarding those protests. Dkt. #35 at 4. Defendants are correct. Because Plaintiffs have not asserted

claims regarding the 2008 and 2009 protests, nor regarding surveillance occurring after the 2007 protest, RFP 47 is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated this 10th day of December, 2010.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE