HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS MCCARTHY, et al,

    Plaintiff,

v.

JAMES BARRETT, et al,

    Defendant.

CASE NO. C09-5120RBL

ORDER DENYING MOTION FOR RECONSIDERATION

[Dkt. # 154]

THIS MATTER is before the Court on the City of Tacoma's Motion for Reconsideration [Dkt. #154]. The City argues that it should be permitted to assert an "advice of counsel" defense despite the fact that it refused to permit the Plaintiffs to inquire in discovery about the advice sought or received. The Court previously ruled that the City could not simultaneously assert the advice as a defense and shield that advice from discovery.

Under Local Rule 7(h), Motions for Reconsideration are disfavored, and will ordinarily be denied absent a showing of manifest error, or a new factual or legal basis which could not have been raised earlier.

"The privilege which protects attorney-client communications may not be used both as a sword and a shield. Where a party raises a claim which in fairness requires disclosure of the

ORDER DENYING MOTION FOR
RECONSIDERATION - 1

1 protected communication, the privilege may be implicitly waived." *See Kaiser Foundation*
2 *Health Plan v Abbot Laboratories, Inc.*, 552 F.3d 1033, 1042 (9th Cir. 2009)(internal citations
3 omitted).

4     Under *Hearn v. Rhay,* 68 F.R.D. 574, 581 (E.D. Wash. 1975)*,* an implied waiver of the
5 attorney-client privilege occurs when (1) the party asserts the privilege as a result of some
6 affirmative act, such as filing suit; (2) through this affirmative act, the asserting party puts the
7 privileged information at issue; and (3) allowing the privilege would deny the opposing party
8 access to information vital to its defense. *Id.* at 581. In *Hearn,* an overarching consideration is
9 whether allowing the privilege to protect against disclosure of the information would be
10 "manifestly unfair" to the opposing party. *See Home Indemnity Co. v. Lane Powell Moss and*
11 *Miller,* 43 F.3d 1322 (9th Cir. 1995).

12     In this case, the City repeatedly asserted the attorney-client privilege to thwart discovery
13 into the advice the City sought and received from its counsel.  It now claims that the fact it took
14 steps to obtain legal advice is admissible evidence that it was not deliberately indifferent to
15 plaintiffs' First Amendment rights, and that it did not intend to cause any constitutional
16 deprivation.  In doing so, the City has affirmatively put the advice it sought and received at issue
17 in the case.

18     Implicit in the City's position is the claim that it asked only "can we implement the 'no
19 bag' rule under the First Amendment?," and that its legal counsel said, only, "yes."  But the City
20 asks the Plaintiffs—and the jury—to simply take its word on the subject; it refused to permit any
21 inquiry into the substance of the advice.  It is not difficult to imagine a case where a client's
22 communication to his attorney asked instead how he could best dissuade a group from protesting

23
24

1  at all, or one in which the attorney's response to whether a contemplated course of action was
2  constitutional was something other than an unqualified "yes."
3  Permitting the City to both rely on the advice it obtained and to shield the substance of
4  that advice from further inquiry would be manifestly unfair.  The use of limiting instructions
5  would not remedy that problem.
6  The issue of the City's deliberate indifference is at the crux of the case.  The advice of
7  counsel defense must be timely asserted, so that the implied waiver may be resolved and
8  discovery had; if not, the defense is waived.
9  At trial, the City can offer testimony of many persons outside of the police department,
10 and it can offer testimony about the genesis of the "no bag rule."  But it cannot claim that its
11 actions relied on undisclosed legal advice.  It cannot reference the participation of legal counsel
12 in conversation(s) regarding the "no bag rule" or of any analysis of the constitutionality of the
13 "no bag rule."
14 The Motion for Reconsideration [Dkt. #154] is **DENIED.**
15 Dated this 2nd day of January, 2013.

                                                                 Ronald B. Leighton
                                                                 United States District Judge